IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 4:07cr22 (RCY) |
| | ) | |
| JERMAINE CHAPMAN, | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the Defendant's "Motion in Request and in Support of Modification of Sentence," docketed as a Motion to Reduce Sentence under § 404 of the First Step Act ("Motion to Reduce Sentence") filed by the Defendant *pro se* on May 10, 2019 (ECF No. 63).

On May 2, 2007, the Defendant, Jermaine Chapman ("Chapman" or "Defendant"), pled guilty pursuant to a written plea agreement to conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii), with a statutory imprisonment range at that time of ten years to life. (ECF Nos. 15, 68.) Chapman was attributed with 33.933376 kilograms of cocaine base, which yielded an offense level of 38 under the applicable Sentencing Guidelines. (Docket No. 49.) After receiving a three-level reduction for acceptance of responsibility, Chapman had a total offense level of 35 and a criminal history category of V, resulting in a Sentencing Guideline range of 262 to 327 months of imprisonment. (*Id*.) On August 6, 2007, Chapman was sentenced to 216 months of imprisonment and five years of supervised release, and the Judgment in a Criminal Case was entered on August 7, 2007. (Docket No. 21.) Chapman filed his Motion to Reduce Sentence, in which he argued he is entitled to a reduction of his sentence under § 404 of the First Step Act of 2018, on May 10, 2019. (ECF No. 63.)

According to the Bureau of Prisons ("BOP"), Chapman was transferred on May 4, 2021, from prison into a halfway house (also called a residential reentry center or RRC), where he is under the supervision of the BOP-designated residential reentry managers ("RRMs"). The transfer of Chapman was pursuant to 18 U.S.C. § 3621(e), because Chapman is completing the BOP's Residential Drug Abuse Treatment Program and the halfway house placement is the final part of that program. (*See* ECF No. 79 at 3.) The RRMs *may* transfer Chapman into home confinement if they determine it is appropriate to do so after a period of time at the halfway house. Chapman's halfway house placement did not require application of the BOP's expanded authority under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020).[1] The BOP anticipates that Chapman will complete the service of his sentence on January 28, 2022, at which point he will begin his five-year term of supervised release. *See* https://www.bop.gov/inmateloc/ (and enter Chapman's name or BOP number).

Chapman's case was reassigned to the undersigned on December 30, 2020. The Motion to Reduce Sentence, response by the United States, memorandum from the United States Probation Office, and the Defendant's reply have been reviewed and considered. (ECF Nos. 63, 69, 70, 71.) For the reasons set forth herein, the Motion to Reduce Sentence will be denied.

---

[1] Under § 3624(c)(2), the BOP may release an incarcerated defendant to home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or six months." The CARES Act permits the BOP to expand these time frames. The Court has no authority under § 3624(c)(2) to direct the BOP to place an incarcerated defendant in home confinement because such decisions are committed solely to the BOP's discretion. *United States v. Calderon*, 801 F. App'x 730, 731-32 (11th Cir. 2020) (explaining that federal courts lack jurisdiction to grant early release to home confinement). Once a court imposes a sentence, "[t]he [BOP] shall designate the place of the prisoner's imprisonment[.]" 18 U.S.C. § 3621(b); s*ee Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can *recommend* that the BOP place an offender in a particular facility or program . . . [b]ut decisionmaking authority rests with the BOP.") (emphasis in original).

The First Step Act of 2018 became effective on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). As explained in *United States v. Mabry*:

> Section 404 of the First Step Act makes the Fair Sentencing Act of 2010 retroactively applicable to defendants who committed controlled substance offenses before the Fair Sentencing Act was enacted on August 3, 2010. The Fair Sentencing Act altered the quantities of cocaine base subject to the first three penalty provisions of 21 U.S.C. § 841(b)(1). In particular, the quantity that triggered the ten year mandatory minimum for violation of that statute was increased from 50 grams of cocaine base to 280 grams of cocaine base and the quantity that triggered the five year mandatory minimum of the statute was increased from five grams of cocaine base to 28 grams of cocaine base. The quantity that triggered application of the so-called catch-all provision, 21 U.S.C. § 841(b)(1)(C), was increased from amounts under five grams of cocaine base to amounts under 28 grams.

420 F. Supp. 3d 475, 478 (E.D. Va. 2019); *see also United States v. Hardnett*, 417 F. Supp. 3d 725, 735-37 (E.D. Va. 2019) (holding that 18 U.S.C. § 3582(c)(1)(B) and the "indictment-controls theory" apply under the First Step Act). Shortly after the *Hardnett* and *Mabry* decisions, the United States Court of Appeals confirmed that motions for relief under the Act "are appropriately brought under § 3582(c)(1)(B)" rather than § 3582(c)(2), and that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii) – both of which were modified by Section 2 of the Fair Sentencing Act . . . – is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act." *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (quoting First Step Act § 404(b), 132 Stat. 5222). Thus, whether a defendant is eligible for a reduction depends on whether that defendant "before August 3, 2010, violated a federal criminal statute, the statutory penalties for which were reduced by Sections 2 or 3 of the Fair Sentencing Act of 2010." *See United States v. Greene*, 2020 WL 2115880, at *1 (E.D. Va. May 4, 2020). Next, "[w]hether to grant the motion for reduction of sentence lies within the discretion of the Court that is informed by the entire record . . . ." *Id*.

In its response to Chapman's Motion to Reduce Sentence, (ECF No. 70), the United States contends that the Defendant is not eligible for a sentence reduction, but its position was filed on September 30, 2019, prior to the decision in *Wirsing,* which was issued on November 21, 2019. For the reasons set forth in *Wirsing*, the Court finds that Chapman is eligible for a sentence reduction because, "before August 3, 2010, [he] violated a federal criminal statute, the statutory penalties for which were reduced by Sections 2 or 3 of the Fair Sentencing Act of 2010." *See* 943 F.3d at 185. But, whether to reduce Chapman's sentence is within the discretion of the Court.

The United States opposes a sentence reduction. It points out that "[t]he Court imposed a sentence that remains below the advisory guideline range, both before and after passage of the Fair Sentencing Act." (ECF No. 70 at 16.) Indeed, based on an attributed drug weight of 33.933376 kilograms of cocaine base, the Defendant's base offense level remains a 38 under the current sentencing guidelines, and the Defendant's current advisory sentencing guideline range with a three-point reduction and a criminal history category of V remains the same as it was in 2007. *See* U.S. Sent'g Guidelines Manual § 2D1.1(c) (U.S. Sent'g Comm'n 2018). The government contends that this sentence below the advisory range "remains fair and appropriate." (*Id*.)

The Defendant has a long and serious criminal history, starting in 1992 at age 18 and continuing through mid-2005. At the time he was sentenced, this history placed him in a criminal history category of V under the sentencing guidelines. Moreover, the Defendant received a sentence that was well below the advisory range, as the United States noted. The Court also notes that the Defendant, to his credit, completed many classes and earned his GED while he was incarcerated, and he is presently completing the BOP's Residential Drug Abuse Treatment Program.

Having considered all of the relevant factors, the Court, in its discretion, does not find a

reduction in sentence to be appropriate. Accordingly, the Motion to Reduce Sentence will be denied.

 An appropriate Order shall issue.

               /s/_____
               Roderick C. Young
               United States District Judge

Norfolk, Virginia
Date: May 25, 2021